IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUINSTREET, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| PARALLEL NETWORKS, LLC, § | C.A. No. 06-495-SLR | |
| § | | |
| Defendant. § | JURY TRIAL DEMANDED | |
| §  | | |
| QUINSTREET, INC., § | | |
| § | | |
| Third-Party Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| MICROSOFT CORPORATION, § | | |
| § | | |
| Third-Party Defendant. § | | |

**THIRD-PARTY DEFENDANT MICROSOFT CORPORATION'S CLAIMS FOR
DECLARATORY JUDGMENT AGAINST
<u>DEFENDANT PARALLEL NETWORKS, LLC</u>**

Third-Party Defendant Microsoft Corporation ("Microsoft") brings its claims against Defendant Parallel Networks, LLC ("Parallel") for a declaratory judgment of patent invalidity and non-infringement.

## <u>THE PARTIES</u>

1. Microsoft is a corporation organized and existing under the laws of the State of Washington, having its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

2. Upon information and belief, Parallel is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of

business at 1700 Pacific Avenue, Suite 2320, Dallas, Texas 75201. Upon information and belief, Parallel is the successor-in-interest to epicRealm Licensing, LLC ("epicRealm").

## JURISDICTION AND VENUE

3. This is a complaint for declaratory relief under the patent laws of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

4. This Court has personal jurisdiction over Parallel because it already is properly before this Court in this case and in Oracle Corp. v. Parallel Networks, LLP, C.A. No. 06-414-SLR.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c), and 1400(b).

## THE PARALLEL PATENTS

6. Parallel has claimed to be the owner of U.S. Patent No. 5,894,554 (the "'554 Patent") and U.S. Patent No. 6,415,335 (the "'335 Patent") (D.I. 130, Exhs. A and B) (collectively, the "Parallel Patents").

7. Upon information and belief, Parallel has the right to enforce the Parallel Patents against Microsoft.

## MICROSOFT'S SHOWING OF SUBSTANTIAL CONTROVERSY

8. On April 15, 2005, Parallel filed a complaint in the United States District Court for the Eastern District of Texas (Marshall Division), C.A. No. 2:05-150, accusing

defendant Speedera Networks, Inc., of infringing one or more claims of the Parallel Patents (the "Speedera Action"). That case was resolved through settlement.

9. On May 2, 2005, Parallel filed a complaint in the United States District Court for the Eastern District of Texas (Marshall Division), C.A. No. 2:05-163, accusing six (6) defendants of infringing one or more claims of the Parallel Patents (the "'163 Action"). On August 5, 2005, Parallel filed a complaint in the United States District Court for the Eastern District of Texas (Marshall Division), C.A. No. 2:05-356, accusing six (6) other defendants, including Herbalife International of America, Inc. ("Herbalife"), of infringing one or more claims of the Parallel Patents (the "'356 Action"). On November 2, 2005, the Honorable T. John Ward consolidated the '163 and '356 Actions (the "Consolidated Actions"), which subsequently were reassigned to the Honorable David J. Folsom.

10. In the Consolidated Actions, Parallel has alleged a broad scope for the Parallel Patents, contending that they cover virtually all systems and methods wherein dynamic web page requests are intercepted at a web server (or other HTTP-compliant device) and transferred to page server software capable of processing dynamic web pages. According to Parallel, web servers, caching servers, and layer-7 switches are types of HTTP-compliant devices. Web requests are initially evaluated by the HTTP-compliant device. The requests for dynamic content are transferred to the page server(s) (or application server, servlet container or software, etc.) such as Tomcat, J-Boss, and/or Resin for processing. According to Parallel, any system and method incorporating these or similar elements that also releases the HTTP-compliant device to concurrently process other requests, infringes the Parallel Patents.

11. On or about January 25, 2006, in a letter responding to counsel for Clark Consulting, Inc., a defendant in the Consolidated Actions, counsel for Parallel asserted that, Microsoft IIS could, if used to generate webpages with dynamic content, be

configured in a way that would infringe claims of the Parallel Patents (the "Microsoft IIS Allegation").

12. In February 2006, QuinStreet, Inc., a California corporation, ("QuinStreet") undertook the defense and indemnification of Herbalife, a defendant in the Consolidated Actions.

13. On August 8, 2006, QuinStreet filed the instant case against Parallel, seeking a declaration that none of QuinStreet's hardware/software configurations for dynamic web page generation infringes a valid and enforceable claim of the Parallel Patents, and that the Parallel Patents are invalid ("Delaware Action").

14. Upon information and belief, Parallel has sought discovery from Herbalife and/or QuinStreet regarding Microsoft IIS and QuinStreet's configurations of Microsoft IIS.

15. On or about October 15, 2008, Microsoft was served with QuinStreet's third-party complaint against Microsoft in the Delaware Action. Upon information and belief, QuinStreet asserts that Parallel has consistently contended in the Texas lawsuit that Microsoft IIS can be configured in ways that infringe the Parallel Patents. Upon information and belief, Parallel has taken that same position in this case and has refused to state that its counterclaim of infringement does not apply to the IIS platforms used by QuinStreet.

16. The Microsoft IIS Allegation (that Microsoft IIS can be configured to infringe), Parallel's seeking of Microsoft IIS discovery in the Delaware Action, Parallel's apparent refusal in the Delaware action to state that Microsoft IIS does not infringe, and the extent to which Parallel has already litigated the Parallel Patents, have created, under all the these circumstances, a showing that there is a substantial controversy, between Microsoft and Parallel, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## CLAIM 1
### (Declaration of Noninfringement by Microsoft IIS)

17. Microsoft incorporates by reference Paragraphs 1 through 16 above.

18. By virtue of Parallel's patent infringement allegations in the Speedera action and the consolidated Actions, the Microsoft IIS Allegation, Parallel's seeking of Microsoft IIS discovery in the Delaware Action, and Parallel's apparent refusal in the Delaware action to state that the Microsoft IIS does not infringe, Parallel has placed a cloud over Microsoft IIS. Accordingly, an actual controversy exists between Microsoft and Parallel as to whether Microsoft IIS and/or one or more Microsoft customers infringe the Parallel Patents.

19. Microsoft IIS has not infringed and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the Parallel Patents.

20. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to Microsoft IIS's noninfringement of the Parallel Patents is necessary and appropriate under the circumstances.

## CLAIM 2
### (Declaration of Invalidity of the Parallel Patents)

21. Microsoft incorporates by reference Paragraphs 1 through 20 above.

22. By virtue of Parallel's patent infringement allegations in the Speedera action and the consolidated Actions, the Microsoft IIS Allegation, Parallel's seeking of Microsoft IIS discovery in the Delaware Action, and Parallel's apparent refusal in the Delaware action to state that Microsoft IIS does not infringe, Parallel has placed a cloud

over Microsoft IIS. Accordingly, an actual controversy exists between Microsoft and Parallel as to the validity of the Parallel Patents.

23. Each claim of the Parallel Patents is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

24. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the validity of the Parallel Patents is necessary and appropriate under the circumstances.

### REQUEST FOR RELIEF

WHEREFORE, Microsoft respectfully requests entry of judgment in its favor, and against Parallel, as follows:

a) Declaring that Microsoft IIS does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the Parallel Patents;

b) Declaring that the claims of the Parallel Patents are invalid;

c) Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285, and awarding reasonable attorneys' fees to Microsoft; and

d) Awarding Microsoft its costs and such further relief as the Court deems just and proper.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Steven J. Balick* |
| | _____ |
| *Of Counsel:* | Steven J. Balick (I.D. #2114) |
| | John G. Day (I.D. #2403) |
| Kevin S. Kudlac | Lauren E. Maguire (I.D. #4261) |
| Cabrach J. Connor | 500 Delaware Avenue, 8th Floor |
| WEIL, GOTSHAL & MANGES LLP | P.O. Box 1150 |
| 8911 Capital of Texas Highway | Wilmington, DE 19899 |
| Building One, Suite 1350 | 302-654-1888 |
| Austin, Texas 78759 | sbalick@ashby-geddes.com |
| 512-349-1700 | jday@ashby-geddes.com |
| kevin.kudlac@weil.com | lmaguire@ashby-geddes.com |
| cabrach.connor@weil.com | |
| | *Attorneys for Microsoft Corporation* |
| Dated: November 19, 2008 | |