IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARALLEL NETWORKS, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) <br> QUINSTREET, INC., ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> ) <br> Third-Party Defendant. ) | Civ. No. 06-495-SLR |

**MEMORANDUM ORDER**

At Wilmington this 28th day of May, 2009, having reviewed several motions currently pending in this case;

IT IS ORDERED that Microsoft Corporation's ("Microsoft"'s) motion to dismiss Quinstreet, Inc.'s ("Quinstreet"'s) third party complaint (D.I. 134) is denied; Parallel Network Inc.'s ("Parallel"'s) motion to dismiss Microsoft's declaratory judgment claims for lack of jurisdiction over the person (D.I. 143) is denied; and Parallel and Quinstreet's joint motion for dismissal with prejudice (D.I. 163) is granted, for the reasons that follow:

1. **Background**. This patent infringement litigation was initiated on August 8, 2006 by Quinstreet. Quinstreet is a California corporation with a principal place of

business in Foster City, California. Its "business is to provide online direct marketing services through a full-service approach that combines direct marketing expertise, extensive search and media reach, and industry leading technologies." (D.I. 10 at 1-2)

2. Quinstreet filed a complaint against epicRealm Licensing, LP ("epicRealm"), a patent licensing firm, seeking a declaratory judgment that it does not infringe U.S. Patent Nos. 5,894,554 ("the '554 patent") and 6,415,335 ("the '335 patent"), which disclose systems for efficiently managing dynamic web page generation requests. (D.I. 1) EpicRealm asserted a counterclaim of infringement. (D.I. 20)

3. On November 16, 2007, epicRealm filed an unopposed motion to substitute pursuant to Federal Rule of Civil Procedure 25(c), in which it represented that all right, title and interest in the '335 and '554 patents had been transferred to Parallel. (D.I. 55) EpicRealm also represented that it had been dissolved and no longer exists as a legal entity. (*Id.*) The court granted the motion to substitute. (D.I. 56)

4. Following the substitution of parties, Quinstreet filed a first amended complaint against Parallel on December 5, 2007. (D.I. 58) Parallel filed an answer on December 21, 2007. (D.I. 59) In its answer, Parallel admitted that "[t]his court has personal jurisdiction over Parallel Networks by virtue of its joinder in filing [ ] defendant's opposition to plaintiff's motion for leave to file [an] amended complaint for declaratory judgment in this action and by joint stipulation to its substitution as a defendant for epicRealm." (D.I. 58 at ¶ 4 (amended complaint); D.I. 59 at ¶ 4 (answer)) Quinstreet filed a second amended complaint against Parallel on September 29, 2008. (D.I. 126) Quinstreet's assertion of jurisdiction was unchanged; Parallel again admitted to jurisdiction in its amended answer dated October 21, 2008. (*Id.* at ¶ 4; D.I. 130 at ¶ 4

2

(amended answer))

5. Microsoft is the owner and designer of the Microsoft Internet Information Services ("Microsoft IIS") suite of web servers. Quinstreet and Microsoft entered into a software license agreement on June 12, 2003 (hereinafter, the "Agreement"). (D.I. 127, ex. F) The Agreement provides Quinstreet a "defense of infringement and misappropriation claims" by Microsoft, providing that Microsoft will defend Quinstreet against any patent infringement claims "made by an unaffiliated third party, and will pay the amount of any resulting adverse final judgment (or settlement to which we consent)[.]" (*Id.* at 5)

5. On September 30, 2008, Quinstreet filed a third party complaint against Microsoft seeking indemnification for Parallel's infringement counterclaims (hereinafter, the "indemnity complaint"). (D.I. 127) Microsoft moved to dismiss on November 19, 2008. (D.I. 134) That motion is before the court. On the same date, Microsoft separately filed a claim for declaratory judgment of patent invalidity and noninfringement against Parallel. (D.I. 133) Microsoft alleged that the court has personal jurisdiction over Parallel "because it is properly before the court in this case and in Oracle Corp. v. Parallel Networks, LLP, [Civ.] No. 06-414-SLR."[1] (*Id.* at ¶ 4)

7. **Effect of dismissal**. On May 20, 2009, Quinstreet and Parallel filed a joint

---

[1]Civ. No. 06-414 was an action brought by Oracle Corporation and Oracle U.S.A. against epicRealm (subsequently, substituted with Parallel) in this court seeking declaratory judgment of noninfringement and invalidity of the '335 and '554 patents. By its memorandum order of March 26, 2007, the court denied epicRealm's motion to consolidate Civ. No. 06-414 and the action at bar or to transfer the cases to Texas. (Civ. No. 06-414, D.I. 21) Following the court's grant of summary judgment of noninfringement, the parties stipulated to the dismissal of the case. (D.I. 411) The parties have appealed to the Federal Circuit.

motion for dismissal of the claims between them with prejudice. (D.I. 163[2]) The court grants the motion. Upon the termination of the claims between Quinstreet and Parallel, remaining before the court are: (1) Quinstreet's claim for indemnification against Microsoft; and (2) Microsoft's declaratory judgment claim against Parallel.

8. **Microsoft's motion**. Microsoft moves to dismiss the indemnity complaint on the basis that the Agreement contains the following forum selection clause:

> Dispute Resolution. If we bring an action to enforce this agreement (including any license or services agreement incorporating these terms) we will bring it in the jurisdiction where your contracting affiliate has its headquarters. If you bring an action to enforce any such license agreement entered into with any affiliate of ours located outside of Europe you will bring it in the State of Washington. . . .

(D.I. 127, ex. F at 8) Microsoft advocates Washington as the proper forum in its motion papers, but does not explain how the action at bar can be construed as one to enforce a license agreement with a foreign Microsoft affiliate. (D.I. 134) Microsoft does not argue that Quinstreet's claim for indemnification is facially or legally deficient. (D.I. 134, 140) As presented, therefore, Microsoft's motion seeks a decision on issues properly presented in a motion to transfer under 28 U.S.C. § 1404(a), rather than Federal Rule of Civil Procedure 12(b)(6). Quinstreet's claim undisputably states a basis upon which relief may be granted, and Microsoft's motion (D.I. 134) is denied.

9. The terms of the agreement between Quinstreet and Parallel are not before the court and it is unclear to the court whether Quinstreet intends to pursue any indemnity claim against Microsoft in connection with, for example, any settlement paid to Parallel. Therefore, by **June 15, 2009**, Quinstreet shall file a letter with the court (not

---

[2]Microsoft does not oppose the motion.

4

to exceed two (2) pages) addressing its intent to pursue its indemnity claim. If no submission is received, the claim shall be dismissed.

10. **Parallel's Motion to Dismiss**. Parallel has moved to dismiss Microsoft's declaratory judgment claims for lack of personal jurisdiction. (D.I. 143) In support, Parallel submitted a declaration of Terry Fokas, Parallel's managing partner, stating that Parallel: (1) has no assets in Delaware; (2) conducts no business in Delaware "nor has it ever conducted any business in Delaware"; (3) has never been registered to conduct business in this state; (4) has no registered agents, real property, or bank accounts in Delaware; and (5) maintains all of its documents and records, along with the records of epicRealm, in Dallas, Texas. (D.I. 144, ex. 1) Parallel asserts that Microsoft cannot establish general jurisdiction over it under the Delaware long-arm statute in view of these facts. (D.I. 144 at 4-5) The Delaware long-arm statute, however, is inapplicable in this rare circumstance where voluntary substitution has occurred pursuant to Rule 25(c).

11. Although there is little caselaw on point, the few courts to have considered the question have found that "if *in personam* jurisdiction had been previously acquired of the original party, then the *in personam* jurisdiction continues over the substituted party" by operation of Rule 25. *Ransom v. Brennan,* 437 F.2d 513, 518 (5th Cir. 1971) (quoting *Bertsch v. Canterbury*, 18 F.R.D. 23 (S.D. Cal. 1955)). In *Ransom*, the court found, in the context of Rule 25(a)(1) concerning the death of a party, that personal jurisdiction continues so long as Rule 4 service of the motion to substitute is effected

upon the potential substitute.³ *Id.* The Federal Circuit, subsequently considering the survival of jurisdiction in the context of Rule 25(c), has stated that "[i]f the court had *in personam* jurisdiction over the substituted individuals in *Bertsch* and *Ransom*, then *a fortiori* the district court had jurisdiction here over a properly served corporation joined under Rule 25(c)." *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (noting that the magistrate judge's order, adopted by the district court, specifically found that both successors in interest to the originally-named defendant were properly served as required by Rule 25).

12. Parallel does not allege (and likely could not allege) that it was not served with notice of the motion to substitute. Parallel conceded to the substitution and is represented by epicRealm's counsel, who filed the unopposed motion. Parallel had actual notice of the motion. Therefore, even had Parallel contested personal jurisdiction in lieu of an answer to Quinstreet's first (amended) complaint against it, which it did not, personal jurisdiction would exist *ipso jure* by virtue of the court's jurisdiction over epicRealm, a Delaware limited partnership.⁴ Parallel points to no

---

³Rule 25(c) expressly provides that "[t]he motion [for substitution] must be served as provided in Rule 25(a)(3)," which in turn references Rule 4 for service on nonparties. The older *Bertch* decision, another Rule 25(a)(1) case, provided that "the service of notice on parties is required **only** for the purpose of such substitution," not for jurisdiction. 18 F.R.D. at 26 (emphasis added). This holding is inconsistent with Rule 25(c) – a point appropriately made by the *Ransom* court. 437 F.3d at 518.

⁴Jurisdiction was acquired over Parallel by operation of the Rule 25(c) substitution and either actual service of the motion to substitute or the actual notice of said motion. Had this not been the case, Parallel's subsequent concessions to personal jurisdiction in its answers to Quinstreet's amended complaints would have sufficed to avail it to the court. Personal jurisdiction is not claim-specific. It is of no import that Microsoft's complaint was filed after jurisdiction over Parallel was obtained.

6

caselaw to the contrary, therefore, its motion (D.I. 143) is denied.

_____
United States District Judge