## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,                    )
                                     )
    Plaintiff/Counterclaim Defendant,   )
                                     )
    v.                               )
                                     )
PARALLEL NETWORKS, LLC,              )
                                     )    **C.A. No. 06-495-SLR**
    Defendant/Counterclaim Plaintiff.    )
                                     )    **JURY TRIAL DEMANDED**
QUINSTREET, INC.,                    )
                                     )
    Third-Party Plaintiff,           )
                                     )
    v.                               )
                                     )
MICROSOFT CORPORATION,               )
                                     )
    Third-Party Defendant.           )

### DEFENDANT PARALLEL NETWORKS, LLC'S ANSWER AND COUNTERCLAIM TO THIRD-PARTY DEFENDANT MICROSOFT CORPORATION'S CLAIMS FOR DECLARATORY JUDGMENT

Plaintiff Parallel Networks, LLC ("Parallel Networks") files its Answer and Counterclaims to Third-Party Defendant Microsoft Corporation's ("Microsoft") Claims for Declaratory Judgment ("Claims").

### THE PARTIES

1.    Parallel Networks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Microsoft's Claims.

2.    Parallel Networks denies that it has a principal place of business at 1700 Pacific Avenue, Suite 2320, Dallas, Texas 75201. Parallel Networks admits the remaining allegations of paragraph 2 of Microsoft's Claims.

## JURISDICTION AND VENUE

3.      Parallel Networks admits that Microsoft seeks through its Claims to obtain declaratory relief against Parallel Networks under the patent laws of the United States. Parallel Networks denies the remaining allegations of paragraph 3 of Microsoft's Claims.

4.      Parallel Networks denies the allegations of paragraph 4 of Microsoft's Claims.

5.      Parallel Networks denies the allegations of paragraph 5 of Microsoft's Claims.

## THE PARALLEL PATENTS

6.      Parallel Networks admits the allegations of paragraph 6 of Microsoft's Claims.

7.      Parallel Networks admits the allegations of paragraph 7 of Microsoft's Claims.

## MICROSOFT'S SHOWING OF SUBSTANTIAL CONTROVERSY

8.      Parallel Networks admits the allegations of paragraph 8 of Microsoft's Claims.

9.      Parallel Networks admits the allegations of paragraph 9 of Microsoft's Claims.

10.     Parallel Networks admits that it has alleged the propositions stated in the second, third and fourth sentences of paragraph 10 of Microsoft's Claims. Parallel Networks denies the remaining allegations of paragraph 10 of Microsoft's Claims.

11.     Parallel Networks admits that it sent a responsive letter dated January 25, 2006, to Charles Ainsworth, a lawyer for Clark Consulting, and that Clark Consulting was a defendant in Case No. 2:05-cv-356 in the Federal District Court for the Eastern District of Texas. Parallel Networks denies the remaining allegations of paragraph 11 of Microsoft's Claims.

12.     Parallel Networks lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Microsoft's Claims.

13.     Parallel Networks admits that QuinStreet filed its Complaint for Declaratory Judgment against Parallel Networks in Case No. 1:06-cv-495-SLR in the Federal District Court

for the District of Delaware on August 8, 2008, and that the Complaint speaks for itself. Parallel Networks denies the remaining allegations of paragraph 13 of Microsoft's Claims.

14.     Parallel Networks admits that it sought discovery from, respectively, QuinStreet and Herbalife regarding all of the software, hardware, systems and methods that they use to generate dynamic web pages and manage requests for generation of dynamic web-page content. Parallel Networks admits that these requests included requests for source code and configuration files. These requests encompassed Microsoft IIS to the extent that Herbalife and QuinStreet used Microsoft IIS to generate dynamic web pages and manage requests for generation of dynamic web-page content. Parallel Networks denies the remaining allegations of paragraph 14 of Microsoft's Claims.

15.     Parallel Networks denies that it consistently contended in the Texas lawsuit that Microsoft IIS can be configured in ways that infringe the Parallel Patents. Parallel Networks further denies that it has taken the position in this case that Microsoft IIS can be configured in ways that infringe the Parallel Patents. Parallel Networks admits that it refused to state that its counterclaim of infringement against QuinStreet did not apply to IIS platforms used by QuinStreet. Parallel Networks lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of Microsoft's Claims.

16.     Parallel Networks denies the allegations of paragraph 16 of Microsoft's Claims.

## CLAIM 1
### (Declaration of Noninfringement by Microsoft IIS)

17.     Parallel Networks incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 16 of Microsoft's Claims.

18.     Parallel Networks admits that an actual controversy presently exists as to whether Microsoft IIS and/or one or more Microsoft customers infringe the Parallel Patents. Parallel

Networks specifically denies that an actual and justiciable controversy between Microsoft and Parallel Networks existed at the time that Microsoft filed its Claims against Parallel Networks. Parallel Networks denies the remaining allegations of paragraph 18 of Microsoft's Claims.

19.    Parallel Networks denies the allegations of paragraph 19 of Microsoft's Claims.

20.    Parallel Networks admits that a judicial determination of the respective rights of the parties with respect to Microsoft IIS's infringement of the Parallel Patents is necessary and appropriate at this time because Parallel Networks has filed a claim for infringement of the Parallel Patents against Microsoft Corporation in the Eastern District of Texas (Case No. 2:09-cv-172). Parallel Networks specifically denies that a judicial determination of the respective rights of the parties with respect to Microsoft IIS's infringement of the Parallel Patents was necessary or appropriate at the time that Microsoft filed its Claims against Parallel Networks. Parallel Networks denies the remaining allegations of paragraph 20 of Microsoft's Claims.

## CLAIM 2
### (Declaration of Invalidity of the Parallel Patents)

21.    Parallel Networks incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 20 of Microsoft's Claims.

22.    Parallel Networks denies the allegations of paragraph 22 of Microsoft's Claims.

23.    Parallel Networks denies the allegations of paragraph 23 of Microsoft's Claims.

24.    Parallel Networks denies the allegations of paragraph 24 of Microsoft's Claims.

## REQUEST FOR RELIEF

25.    In response to Microsoft's Request for Relief, Parallel Networks denies that Microsoft is entitled to relief of any kind.

## PARALLEL NETWORKS' COUNTERCLAIM

Parallel Networks, LLC, counterclaims against Microsoft for patent infringement and alleges the following:

### PARTIES

26.     On information and belief, Microsoft Corporation is a corporation organized and existing under the laws of the State of Washington, having its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

27.     Parallel Networks, LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 100 East Ferguson, Suite 602, Tyler, Texas 75702.

### JURISDICTION AND VENUE

28.     This infringement action arises under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

29.     The Court has personal jurisdiction over Microsoft by virtue of its commencing this action against Parallel Networks in this Court.

30.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### PATENT INFRINGEMENT

31.     On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "Parallel Networks Patents," duly and legally issued.  These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests.

- 5 -

32.    Parallel Networks is the owner of the Parallel Networks Patents and has the right to enforce those patents with respect to Microsoft.

33.    On information and belief, Microsoft makes and/or uses systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the Parallel Networks Patents.  As a result, Microsoft has been and still is infringing one or more of the claims of the Parallel Networks Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c).  Parallel Networks has suffered damage by reason of defendant's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

34.    To the extent that Microsoft has continued or does continue its infringing activities after receiving notice of the Parallel Networks Patents, such infringement is willful, entitling Parallel Networks to the recovery of increased damages under 35 U.S.C. § 284.

35.    This is an "exceptional case" justifying an award of attorneys' fees and costs to Parallel Networks pursuant to 35 U.S.C. § 285.

36.    Parallel Networks believes that Microsoft will continue to infringe the Parallel Networks Patents unless enjoined by this Court.  Such infringing activity causes Parallel Networks irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

37.    Plaintiff requests trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

38.    Parallel Networks requests that the Court find in its favor and against Microsoft and that the Court grant the following relief:

a.     Judgment that one or more of the claims of the Parallel Networks Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendant;

b.     Judgment in favor of Parallel Networks for the full amount of its actual damages caused by Microsoft's infringing activities, including an assessment of interest and costs;

c.     Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d.     Judgment that this is an "exceptional case" and awarding Parallel Networks its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e.     That Microsoft be permanently enjoined from further activity or conduct that infringes the claims of the Parallel Networks Patents; and

f.     That the Court award Parallel Networks such other and further relief as is just and proper under the circumstances.

OF COUNSEL:

Larry D. Carlson
Ryan Loveless
Ryan Bangert
BAKER BOTTS LLP
2001 Ross Ave
Dallas, TX 75201
Tel: (214) 953-6500

Darryl J. Adams
Kevin J. Meek
BAKER BOTTS LLP
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701
Tel: (512) 322-2500

Dated:  June 12, 2009
920542 / 31393 / QuinStreet

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    D. Fon Muttamara-Walker (#4646)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    fmuttamara-walker@potteranderson.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*Parallel Networks, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 12, 2009, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on June 12, 2009, the attached document was Electronically Mailed

to the following person(s):

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE  19899
moyer@rlf.com
gaza@rlf.com

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

Robert S. Beiser
David Doyle
Ludwig E. Kolman
Robert S. Rigg
Alain Villeneuve
Steven B. Block
Vedder, Price, Kaufman & Kammholz,
P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL  60601
rbeiser@vedderprice.com
ddoyle@vedderprice.com
lkolman@vedderprice.com
rrigg@vedderprice.com
avilleneuve@vedderprice.com
sblock@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA  94111
atkinsongc@cooley.com

Kevin S. Kudlac
Cabrach J. Connor
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Building One, Suite 1350
Austin, TX  78759
Kevin.kudlac@weil.com
Cabrach.connor@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
Potter Anderson & Corroon LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

899851 / 31393 / QuinStreet